UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KHALIL-DIVINE BLACK SUN-ALLAH, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>BRYAN STIRLING, MICHAEL McCALL, )<br>SGT. MICHAEL WENTZ, CPL. CIARA )<br>HOWARD, LT. MAURICE GREEN, )<br>FRED THOMPSON, and BERNARD )<br>McKIE, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 4:16-cv-0035-MBS-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various constitutional rights violations. Presently before the court is Defendants Bryan P. Stirling (incorrectly identified as Bryan Sterling), Deputy Director David M. McCall, Jr. (incorrectly identified as Michael McCall), Regional Director Bernard McKie, and Associate Warden Fred B. Thompson's (collectively, "these Defendants") Motion to Dismiss (Document # 26). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion to dismiss could result in the motion being granted, resulting in dismissal of his claims. Plaintiff has not filed a response to these Defendants' motion. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

-2-

**II.    RULE 41(B)**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been

filed. Plaintiff was specifically warned that a failure to respond to the motion to dismiss could result in the motion being granted, thereby ending his case against these Defendants. Because Plaintiff has failed to respond to these Defendants' motion to dismiss the claims against them, the undersigned concludes Plaintiff has abandoned his claims against them. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

### III.  MOTION TO DISMISS

#### A.  Factual Allegations

In the alternative, dismissal on the merits is appropriate on the claims Plaintiff raises against these Defendants. Plaintiff alleges that he has received inappropriate treatment from Correctional Officers Wentz, Howard and Green while incarcerated on Death Row at the Lieber Correctional Institution. Plaintiff alleges that from October 19, 2015 to December 4, 2015, he has threatened SCDC employees with a homemade knife, destroyed the law library, intentionally cut himself, spit on Correctional Officers, dashed Correctional Officers with his own feces and prepared drawings of himself killing various Officers and masturbating over their bodies. The Plaintiff complains that these violations are the result of Officers Wentz, Howard and Green antagonizing him, and that he will continue with this behavior until Officer Wentz, Howard and Green are re-assigned to a different housing unit. He also alleges that he was denied medical treatment for a period of time after he cut himself. Comp. pp. 4-7.

Plaintiff fails to assert any specific allegations against Defendants Stirling, McCall, McKie, and Thompson. In fact, Plaintiff never mentions Defendants Stirling or McCall in his allegations. He mentions Thompson twice–first, stating that Thompson and others searched his cell and retrieved a homemade knife after Plaintiff used it to stab the window of his cell and threaten Officer Wentz, and second, stating that he notified Thompson of his delayed medical treatment. Comp. pp. 4, 5.

He mentions Defendant McKie once, stating that his charge for drawing the picture of himself killing Officers Wentz and Green was sent to McKie. Comp. p. 6. The only allegation arguably raised against these Defendants is that "[u]pper management insist [sic] that I have contact with Sgt. Wentz, Cpl. Howard, and Lt. Green in regardless [sic] of their policy on the contrary." Compl. p. 6.

### B.     Standard of Review

Defendants seek dismissal of Plaintiff's § 1983 and state law causes of action pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted);

see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dept of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed.R.Civ.P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or conjure up questions never squarely presented to the to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

**C.    Discussion**

Here, even assuming Plaintiff's allegations to be true, Plaintiff has failed to assert allegations of wrongdoing against these Defendants that would give rise to a § 1983 claim. The only arguable claim against these Defendants, which requires the assumption that Plaintiff includes Defendants Stirling, McCall, Thompson, and McKie in the term "upper management," is that "upper

management" forced Plaintiff to have contact with certain officers in violation of their "policy on the contrary." Plaintiff does not identify the policy to which he refers, but it is well-held that a violation of prison policy does not, in and of itself, amount to a constitutional violation. See, e.g., Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992). Therefore, this allegation fails to give rise to a claim under 42 U.S.C. § 1983.

Furthermore, as a general rule, the doctrine of vicarious liability or respondeat superior is not available to a § 1983 Plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, to the extent Plaintiff seeks to hold these Defendants liable for any actions of their subordinates, Plaintiff's claims fail.

In sum, Plaintiff fails to state a claim to relief against Defendants Stirling, McCall, Thompson, and McKie that is plausible on its face. Accordingly, dismissal of the claims against these Defendants is appropriate.

### IV.  CONCLUSION

For the reasons discussed above, it is recommended that Defendants Stirling, McCall, Thompson, and McKie be dismissed from this action for Plaintiff's failure to prosecute the claims against them. In the alternative, it is recommended that these Defendants' Motion to Dismiss (Document # 26) be granted, and Defendants Stirling, McCall, Thompson, and McKie be dismissed from this action.

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III
                                      United States Magistrate Judge

June 28, 2016
Florence, South Carolina

**The parties are directed to the important notice on the following page.**