IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Khalil-Divine Black Sun-Allah, ) | |
| ) | C/A No. 4:16-0035-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Bryan Stirling, Michael McCall, Sgt. ) | |
| Michael Wentz, Cpl. Ciara Howard, ) | |
| Lt. Maurice Green, Fred Thompson, and ) | |
| Bernard McKie, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Khalil-Divine Black Sun-Allah, proceeding pro se and in forma pauperis, filed a complaint on January 6, 2016, alleging that Defendants deprived him of his constitutional rights. See 42 U.S.C. § 1983. Plaintiff's specific allegations regard Defendants Michael Wentz, Ciara Howard, and Maurice Green (together the "Correctional Officers"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

Defendants Bryan Stirling, Michael McCall, Fred Thompson, and Bernard McKie (the "Supervisory Defendants") filed a motion to dismiss on April 29, 2016. The Supervisory Defendants assert that (1) they are protected in their official capacities under the doctrine of sovereign immunity; (2) they are entitled to qualified immunity in their individual capacities; and (3) they are not liable under the theory of respondeat superior for the alleged actions of Defendants Wentz, Howard, and Green. By order filed May 5, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the dismissal procedures and the possible consequences if

he failed to respond adequately. Plaintiff filed no response to the motion to dismiss.

On June 28, 2016, the Magistrate Judge issued a Report and Recommendation in which he determined that the facts alleged by Plaintiff did not support a finding that he was deprived of his constitutional rights because of any actions of the Supervisory Defendants. The Magistrate Judge further determined that the Supervisory Defendants could not be held liable for the alleged conduct of the Correctional Officers under a theory of respondeat superior. Accordingly, the Magistrate Judge recommended that the Supervisory Defendants' motion to dismiss be granted. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. For the reasons stated herein, the court concurs in the recommendation of the Magistrate Judge. The motion to dismiss filed by Defendants Stirling, McCall, Thompson, and McKie (ECF No. 26) is **granted**. The within action is recommitted

to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 15, 2016