UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KHALIL-DIVINE BLACK SUN-ALLAH, | ) | Civil Action No.: 4:16-cv-0035-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| BRYAN STIRLING, MICHAEL McCALL, | ) | |
| SGT. MICHAEL WENTZ, CPL. CIARA | ) | |
| HOWARD, LT. MAURICE GREEN, | ) | |
| FRED THOMPSON, and BERNARD | ) | |
| McKIE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Presently before the court is Defendants Sgt. Michael Wentz, Cpl. Ciara Howard, and Lt. Maurice Green's Motion to Dismiss (Document # 34).[1] Because Plaintiff is proceeding pro se, he was warned Pursuant to <u>Roseboro v. Garrison</u>, 528 F.3d 309 (4th Cir. 1975), that failure to respond to the Motion to Dismiss could result in the motion being granted and the claims addressed in that motion dismissed. Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

_____

[1]The remaining Defendants have been dismissed from this action. <u>See</u> Order (Document # 37).

## II.    RULE 41(B) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.  Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed

to prosecute this case. Prior to the present motion being filed, Defendants Sterling, McCall, Thompson and McKie filed a separate motion to dismiss, and despite receiving the same Roseboro warning mentioned above, Plaintiff failed to respond to that motion as well. The undersigned filed a report and recommendation that their motion be granted, and Plaintiff failed to file objections. The district judge granted their motion. Plaintiff has now failed to respond to a second motion to dismiss. Because of Plaintiff's failure to participate in this action, the undersigned concludes he has abandoned his claims and dismissal is proper.

In the event the district judge declines to dismiss this case for failure to prosecute pursuant to Rule 41(b), the undersigned will address Defendants' motion to dismiss below.

## III.     MOTION TO DISMISS

### A.     Factual Allegations

Plaintiff alleges that he has received inappropriate treatment from Correctional Officers Wentz, Howard and Green while incarcerated on Death Row at the Lieber Correctional Institution. Plaintiff alleges that from October 19, 2015 to December 4, 2015, he has threatened SCDC employees with a homemade knife, destroyed the law library, intentionally cut himself, spit on Correctional Officers, dashed Correctional Officers with his own feces and prepared drawings of himself killing various Officers and masturbating over their bodies. The Plaintiff complains that these violations are the result of Officers Wentz, Howard and Green antagonizing him, and that he will continue with this behavior until Officer Wentz, Howard and Green are re-assigned to a different housing unit. Plaintiff complains that Wentz commented to another officer that "[Plaintiff's] a coward–he killed a single mother in a convenience store who had 3 children; now he dashing females–a coward" and commented to Plaintiff that "you ain't scaring no-one; let's see how you are once in restraints. They owe you," He alleges that Wentz and Howard told another officer not to

notify medical staff when Plaintiff was cutting himself and bleeding while in a crisis intervention cell, and that he was denied medical treatment until the shift change. He also, alleges, however, that a nurse noticed that he was cutting himself and bleeding. Plaintiff alleges that Wentz, Howard and Green denied him showers and recreation from October 19, 2015, to November 24, 2015, and calls to his attorneys from October 19, 2015, to November 4, 2015. Comp. pp. 4-7.

### B.    Standard of Review

Defendants seek dismissal of Plaintiff's § 1983 and state law causes of action pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dept of Soc. Servs., 901 F.2d 387 (4th Cir.1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed.R.Civ.P. 8 for all civil actions). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir.1993), or conjure up questions never squarely presented to the to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

### C.    Discussion

Although Plaintiff does not specifically mention 42 U.S.C. § 1983 in his complaint, prison condition claims are typically raised pursuant to that statute.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff does not state which constitutional rights he alleges were violated by these Defendants. Nevertheless, the Fourteenth Amendment protects a prisoner's constitutional right of access to the courts, including the right to access legal counsel. Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Although Plaintiff alleges that Defendants prohibited him from making phone calls to his attorneys, his own allegations as well as a letter from his attorney attached to his complaint reveal that he was able to contact his attorney via some method of communication during the same period he was allegedly not allowed to use the phone. "Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use." Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir.1992) (citing Bounds, 430 U.S. at 823, 832). Plaintiff fails to state a claim because he fails to allege that he was unable to contact his attorney at all or that he suffered any injury as a result of not being able to call his attorney. See Lewis v. Casey, 518 U.S. 343, 351–53 & n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

In addition, the Eighth Amendment prohibits the infliction of cruel and unusual punishment on one convicted of a crime, U.S. Const. Amend. VIII, and complaints regarding a prisoner's

conditions of confinement and his medical treatment arise under the Eighth Amendment. <u>Helling v. McKinney</u>, 509 U.S. 25, 31-32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In making a conditions of confinement claim, a plaintiff must allege that (1) that the risk from the prison conditions was so grave that it violated contemporary notions of decency and (2) that the prison condition resulted in serious or significant physical or emotional injury. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379-81 (4th Cir.1993). Plaintiff alleges that he that he had no showers or out-of-cell recreation for approximately one month. However, he does not allege any serious harm he suffered from these short-term deprivations or show that he could not wash himself and exercise to some degree in his cell. Thus, he fails to allege a constitutional violation with respect to his conditions of confinement. <u>See</u>, <u>e.g.</u>, <u>Blount v. Miller</u>, No. 7:14-cv-0007, 2015 WL 1505772, at *7 (W.D. Va. Mar. 31, 2015) (finding no Eighth Amendment violation where Plaintiff had no showers or out-of-cell recreation for a month, and that on one day, he missed two meals in a row); <u>Veteto v. Miller</u>, 829 F.Supp. 1486, 1496 (M.D.Pa.1992) (finding that inmate who claimed "nebulously" that he was "denied meals, clean clothes, showers and recreation periods, but not that he went hungry or lived in an unsanitary, wholly sedentary environment" did not "articulate a situation that could be fairly characterized as cruel and unusual punishment").

To allege a medical indifference claim, a plaintiff must show objectively assessed, he had a "sufficiently serious" medical need to require medical treatment, and that a prison guard, subjectively aware of the need and of its seriousness, nevertheless acted with "deliberate indifference" to it by declining to secure available medical attention. <u>Farmer v. Brennan</u>, 511 U.S. 825, ——, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992); <u>Wilson v. Seiter</u>, 501 U.S. 294, 297–98, 111 S.Ct. 2321, 2323–24, 115 L.Ed.2d

271 (1991).  Here, Plaintiff alleges that he had cut himself at least eight times, and was bleeding enough that he could write, in his blood, "Fuck you pigs" on the window of his cell, that Defendants Wentz and Howard were aware of the situation, yet they declined to get medical attention for him and informed another officer not to get medical attention for him.  He alleges that he received no medical attention for twenty hours.  These allegations are sufficient to state a claim that these Defendants were deliberately indifferent to Plaintiff's serious medical needs.  Thus, dismissal of this claim, asserted only against Defendants Wentz and Howard, pursuant to Rule 12(b)(6) is inappropriate.

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b) for Plaintiff's failure to prosecute.  In the alternative, if the district judge declines to accept that recommendation, it is recommended that Defendants Wentz, Howard, and Green's Motion to Dismiss (Document # 34) be denied as to Plaintiff's medical indifference claim against Defendants Wentz and Howard and granted as to all other claims.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 21, 2016
Florence, South Carolina

**The parties are directed to the important information on the following page.**